O

# United States District Court
## Central District of California

| | |
|---|---|
| JORGE ENRIQUE SERRANO ROBLES SENIOR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case No. 2:20-cv-06648-ODW-(PLAx) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER AND TO AMEND COMPLAINT** |

## I.   INTRODUCTION

Plaintiffs Jorge Enrique Serrano Robles Senior and Yuridia Dolores Miranda move to modify the Court's scheduling order in order to file a fourth amended complaint and add a defendant. (*See generally* Mot. to Modify Scheduling Order ("Motion" or "Mot."), ECF No. 42.)  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.[1]

## II.   BACKGROUND

In June 2020, Plaintiffs initiated this case based on a police shooting involving Defendant Deputy Nikolis Perez.  In the Scheduling and Case Management Order

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

1  ("Scheduling Order") governing this case, the Court set May 17, 2021, as the deadline
2  to hear motions to amend the pleadings or add parties. (ECF No. 32.) In the instant
3  motion, Plaintiffs move to modify the Scheduling Order and extend this deadline in
4  order to add Perez's partner, Deputy Thompson, as a defendant to the complaint. (*See*
5  Mot.)

### III. LEGAL STANDARD

"[A]fter the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of [Rule 16(b)(4)]" before amendment will be permitted. *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)); *see also* Fed. R. Civ. P. 16(b)(4) (explaining that a scheduling order "may be modified only for good cause and with the judge's consent.") "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (alteration in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*

Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Rule 15. *See id.* at 608. "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737; *see also Johnson*, 975 F.2d at 610 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."

*Johnson*, 975 F.2d at 610. "Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." *Id.*

## IV. DISCUSSION

Plaintiffs moved to modify the Scheduling Order on July 4, 2021—almost two months after the deadline to hear motions to amend pleadings or add parties. (*See generally* Mot.) Plaintiffs argue that good cause exists because they have acted diligently in trying to discover relevant information. In opposition, Defendants assert they provided Plaintiffs with documents identifying Deputy Thompson as an officer involved in the incident as part of a document production on March 12, 2021. (Opp'n 4.)

Under Rule 16, the diligence inquiry focuses on "the moving party's reasons for seeking modification," not on the party's efforts in determining whether modification or amendment is required. *Johnson*, 975 F.2d at 609. Considering Plaintiffs' reasons for seeking amendment, the Court finds that Plaintiffs have not demonstrated good cause to modify the scheduling order.

Plaintiffs claim to have been in the dark about the extent of Thompson's involvement in the shooting, but concede they knew Thompson was Defendant Perez's partner and was present on the day of the shooting. (*See* Reply, ECF No. 48.) Moreover, Plaintiffs have possessed documents identifying Thompson's involvement in the shooting since March 12, 2021, and yet did not attempt to add Thompson as a defendant until almost five months later. This fails to show good cause warranting modification of the scheduling order. *See, e.g.*, *Pasha v. Viscosi*, No. 2:19-cv-05672-ODW (AGRx), 2020 WL 586821 (C.D. Cal. Feb. 5, 2020) (denying plaintiff's request for leave to amend because plaintiff had access to the pertinent facts prior to the scheduling order deadline and failed to seek leave at that time); *Legaspi v. JHPDE Finance I, LLC*, No. 2:-20-cv-02945 ODW (SKx), 2021 WL 1979033 (C.D. Cal., May 18, 2021) (denying plaintiff's request for leave to amend because the facts the

plaintiff claimed to have learned through discovery after the scheduling order deadline were previously discoverable).

A diligent review of the March 12 document production would have apprised Plaintiffs of Thompson's involvement in the incident.  Thompson is identified in the first page of the homicide book Defendants produced, and Thompson is referenced throughout the homicide book. (Decl. of Mira Hashmall ¶ 3, ECF No. 45.)  Plaintiffs also possessed audio where Thompson described his involvement in the incident. (*Id*.)  Plaintiffs' contention that Defendants "buried" Thompson's identity in the document production is not well taken.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Modify the Scheduling Order in order to file a fourth amended complaint and add Thompson as a defendant.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Modify the Court's Scheduling Order to Amend the Complaint.  (ECF No. 42.)  In light of the Court's determination, the Court clarifies that the operative complaint is Plaintiffs' Third Amended Complaint, and the only Defendants named in the instant case are County of Los Angeles, Sheriff Alex Villanueva, and Deputy Nikolis Perez.

**IT IS SO ORDERED.**

August 30, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**